AUGUSTUS ALBERT CARPENTER, EXECUTOR OF THE LAST WILL OF
AUGUSTUS A. CARPENTER, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

INHERITANCE TAX—*when refund will be made.* In this claim the tax
as fixed by the County Judge was paid under protest, after which an appeal
was taken to the County Court which court confirmed the order of the
County Judge, and thereupon an appeal was taken to the Supreme Court,
which court held that a portion of the estate was not liable to a tax under
the act of 1909. (*People* v. *Carpenter*, 264 Ill. 400). Later, a tax was fixed
by the County Judge under the act of 1895, and an appeal taken to the
County Court which approved the action of the County Judge in fixing the
tax and thereupon an appeal was prayed to the Supreme Court which court
held that the estate was not liable to a tax under the act of 1895. (*People*
v. *Carpenter*, 274 Ill. 103.)  *Held*, that claimant is entitled to an award.

Scott, Bancroft, Martin & Stephens, for Claimant.

P. J. Lucey, Attorney General, for State.

The claimant in this case seeks an award for $2,020.47, which he
claims is due by reason of the erroneous inheritance tax assessment in
the estate of Augustus Albert Carpenter, deceased.

The appraiser appointed by the County Court to fix the tax on
decedent's estate found that the total tax assessed against the estate to
be $28,997.04. Claimant to secure his statutory discount paid to the
County Treasurer, $27,547.19, which was the amount originally taxed,
less than five per cent discount.

The County Judge entered an order fixing the tax rate in accord-
ance with the appraiser's report and upon an appeal to the County
Court from the order of the County Judge, the order was affirmed. An
appeal was taken to the Supreme Court of the State of Illinois, and it
found that the tax was excessive and erroneous. A new order fixing
the tax rate was again entered by the County Court and this second
order was appealed from to the Supreme Court and was found upon
hearing to be excessive.

A final order was made by the County Court in accordance with
the directions of the Supreme Court which fixed the total tax at
$26,870.23. Claimant contends that he is entitled to five per cent dis-
count on the amount of this final order, by reason of his having paid
the original tax assessed against the estate, within six months from
the death of deceased.

The State insists that claimant is not entitled to an allowance of
five per cent discount on the amount of this final order, although they

concede that there is a basis for claimant's contention upon equitable grounds.

In the case of *Bartholomae* v. *State,* 2Ct. of Cl. R. 306, where the same question arose this court held as follows: "It would seem that, inasmuch, as this erroneous tax was paid within the period whereby the five per cent discount was secured, that a like discount should be allowed upon the correct tax as fixed by the County Court, this being included in the money already paid,   *   *   *."

As heretofore stated, claimant paid $27,547.19, which was the original assessment, less the five per cent discount. If the correct assessment of $26,870.23 had been made in the first instance, claimant after deducting his five per cent discount would have paid $25,526.72. The difference in what he paid under the erroneous order and what he would have paid under corrected final order amounts to $2,020.47, and we believe that claimant is entitled to a refund of this amount.

We therefore make an award in favor of claimant for $2,020.47.